```
                    UNITED STATES DISTRICT COURT FOR THE
                       NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. 05-CR-0151-CVE
                                )    (07-CV-0080-CVE-PJC)
MAURICIO CALDERON,              )
                                )
          Defendant.            )
```

## OPINION AND ORDER

On February 6, 2007, defendant Mauricio Calderon ("Calderon"), a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 37). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Defendant alleges that he received ineffective assistance of counsel throughout the criminal proceedings and that his attorney wrongfully advised him to sign a plea agreement containing a waiver of appellate and post-conviction rights. Defendant also argues that law enforcement officials did not inform him of his right to contact his embassy under the Vienna Convention at the time of his arrest.

### I.

On September 12, 2005, defendant was charged by information with possession of heroin with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(A), and a grand jury subsequently returned an indictment against defendant for the same crime. The indictment accused defendant of "knowingly and intentionally possess[ing] with intent to distribute one kilogram or more of a

mixture and substance containing a detectable amount of heroin . . . ." Dkt. # 11. The Court found that defendant was financially unable to obtain counsel and, on September 12, 2005, the Court appointed Federal Public Defender, Paul Brunton, to represent Calderon. Based on the advice of his attorney, defendant changed his plea on November 29, 2005, at which time he executed a petition to enter a plea of guilty and a plea agreement. Dkt. ## 20, 21. Brunton was unable to appear at defendant's change of plea hearing and Assistant Federal Public Defender, Mike Abel, represented defendant at that hearing. The Court questioned Calderon about his willingness to proceed without Brunton present, and defendant agreed that he was "ready, willing and able to proceed with the change of plea pursuant to the plea agreement with Mr. Abel here in lieu of Mr. Brunton." Dkt. # 45, at 2.

The Court sealed the initial portion of the change of plea hearing to permit the parties to discuss the substance of the plea agreement, particularly defendant's cooperation with authorities. The government stated that:

> The plea agreement further provides that [defendant] has agreed to cooperate with the government in its investigation of other persons who are believed to be violating United States law. It further provides that should the United States, in its sole discretion, determine that the cooperation constitutes substantial assistance, that the United States will file a motion pursuant to rule -- or Section 5k of the guidelines asking the Court to take into account the cooperation in setting a sentence below that required by the sentencing guidelines.

Dkt. # 44, at 5-6. The government also noted a stipulation in the plea agreement that "[t]he Defendant does not have more than one criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3." Dkt. # 21, at 14. The government stated that defendant would be eligible for relief under the safety valve provision of the sentencing guidelines based on the stipulated facts in the plea agreement. Defendant was informed that the

stipulations in the plea agreement were not binding on the Court or the probation officer responsible for preparing the presentence report. Dkt. # 21, at 15; Dkt. # 44, at 7. To prevent the disclosure of any privileged or confidential information, the Court asked defendant to sign and initial the plea agreement and petition before the hearing was unsealed. After the sealed portion of the hearing was completed, the Court accepted defendant's guilty plea in open Court.

The Court asked defendant if he had reviewed the plea agreement and discussed the terms of the agreement with his attorney. Defendant affirmed that he understood the plea agreement and he stated that he was satisfied with the quality of legal representation he had received:

> COURT: Are you fully satisfied with the counsel, representation, and advice given to you in this case by your attorneys, Mr. Brunton and Mr. Abel?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Is your willingness to plead guilty the result of discussions that you or your attorneys have had with the United States?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: You understand that there is a written plea agreement?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Have you had an opportunity to read and discuss the plea agreement before signing it?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Does the plea agreement represent in its entirety any and all understandings you have with the United States?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Do you understand the terms of the plea agreement?
>
> DEFENDANT: Yes.

Dkt. # 45, at 4. The Court advised the defendant that the charged offense, possession of heroin with intent to distribute, carried a mandatory minimum sentence of 10 years and maximum sentence of life imprisonment. Id. at 6. At the change of plea hearing, defendant stated that he understood the possible sentence accompanying a guilty plea. Id. In his petition to enter a plea of guilty, defendant stated that he had been informed and understood that a plea of guilty could "subject [him] to a mandatory minimum sentence of prison and/or fine of not less than ten (ten) years in prison and a fine not to exceed $4,000,000." Dkt. # 20, at 2.

The plea agreement contained a waiver of defendant's appellate and post-conviction rights. The plea agreement expressly stated that defendant was knowingly and voluntarily waiving certain appellate and post-conviction rights:

   a.  The Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291; and

   b.  The Defendant reserves the right to appeal from a sentence which exceeds the statutory maximum; and

   c.  The Defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the Defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005); and

   d.  <u>The Defendant waives his right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver</u>; and

   e.  The Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c).

Dkt. # 21, at 3-4 (emphasis added). The Court asked defendant if he understood the specific rights he was waiving in the plea agreement:

COURT: I want to make sure you understand those waivers. Do you understand that in consideration of the promises and concessions made by the United States in the

>   plea agreement, you are knowingly and voluntarily waiving the right to directly appeal the conviction and sentence pursuant to 28 U.S.C., Section 1291?
>
>   DEFENDANT: Yes, ma'am.
>
>   COURT: Do you understand that you are reserving the right to appeal from a sentence which exceeds the statutory maximum?
>
>   DEFENDANT: Yes, ma'am.
>
>   COURT: Do you understand that you are expressly acknowledging and agreeing that the United States reserves all rights to appeal your sentence as set forth in Section 3742(b) and the case of United States v. Booker?
>
>   DEFENDANT: Yes, ma'am.
>
>   COURT: <u>Do you understand that you are waiving the right to collaterally attack your conviction and sentence pursuant to 28 U.S.C., Section 2255 -- that's writ of habeas corpus -- except for claims based on ineffective assistance of counsel which challenge the validity of your guilty plea or your waiver of appellate and post-conviction rights?</u>
>
>   DEFENDANT: Yes, ma'am.
>
>   COURT: Do you understand that you are waiving the right to have your sentence modified pursuant to 18 U.S.C., Section 3582(c)?
>
>   DEFENDANT: Yes, ma'am.
>
>   COURT: Do you understand that you are expressly acknowledging that your counsel, Mr. Brunton or Mr. Abel, have explained your appellate and post-conviction rights, that you understand those rights, and that you are knowingly and voluntarily waiving those rights?
>
>   DEFENDANT: Yes, ma'am.

Id. at 10-11 (emphasis added). After further questioning, the Court found that defendant entered an informed plea and his plea of guilty was accepted.

On May 3, 2006, the Court held a sentencing hearing at which defendant was represented by Brunton. In the plea agreement, the parties contemplated that defendant could be eligible for the

safety valve provision in § 5C1.2(a) of the United States Sentencing Guidelines.[1] However, in preparation of the presentence report it was discovered that defendant had an additional criminal history point that made him ineligible for the safety valve. Defendant received a criminal conviction in Kay County, Oklahoma ("Kay County conviction"), of which he had not informed his counsel before the presentence report was prepared. Brunton expressed his frustration that defendant did not qualify for a sentence below the statutory minimum, but he acknowledged that the safety valve did not apply:

> It was -- this man cooperated from the get-go, even before I had the pleasure of meeting him. He had already done that. Unfortunately, he was taken into custody and, because he was a Mexican citizen, was not allowed to remain free. I think had he been able to do that, he'd be standing here with a 5k1 on the table. Those efforts broke down for whatever reason. The prosecutor shared some with me. I don't -- I think he did that in confidence, and I'm not going to relay that information to the Court.
>
> There's a recent Ninth Circuit case where the Court said, notwithstanding the government's desire or failure or whatever reason for not filing the 5k1, that the Court could still take it up, assuming we had evidence that we could produce that indicated Mr. Calderon provided substantial assistance. However, we don't have that kind of evidence. And I indicated to him that, unfortunately, I don't think there's a tinker's darn I can do for him because of the statutory minimum, because of the statutory prohibition against the safety valve because of his two criminal history points, and finally, not enough assistance to be substantial to qualify for a 5k1. So, I mean, that's where we are.

---

[1] The safety valve permits a court to exempt a defendant from a statutory mandatory minimum sentence under § 841(a) if all five conditions set forth in 18 U.S.C. § 3553(f)(1)-(5) are satisfied. United States v. Cousins, 455 F.3d 1116, 1124 (10th Cir. 2006).

Dkt. # 46, at 4-5. Accordingly, defendant was sentenced to the mandatory minimum sentence of 120 months imprisonment and 60 months supervised release. Dkt. # 26. If the safety valve had applied, the applicable advisory guideline range would have been 97 to 121 months.[2] Dkt. # 46, at 6.

Defendant did not file an appeal with the Tenth Circuit following his conviction. Instead, defendant filed this § 2255 motion asking the Court to vacate his conviction and sentence based on allegations of ineffective assistance of counsel. The government argues that defendant's claims are waived to the extent that he is raising claims of ineffective assistance of counsel that do not directly challenge the validity of his guilty plea or his appellate and post-conviction waiver.

**II.**

In his § 2255 motion, defendant challenges his conviction on the grounds that (1) he received ineffective assistance of counsel throughout the criminal proceedings; (2) an appellate waiver in a plea agreement constitutes ineffective assistance of counsel; and (3) law enforcement violated defendant's rights under the Vienna Convention by failing to advise him of those rights at the time of his arrest. Judgment and Commitment was entered on May 5, 2006; defendant's conviction became final on May 19, 2006, or ten days after entry of his judgment when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(i); United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000). Therefore, defendant had until May 19, 2007 to file a timely § 2255 motion. Since he filed this § 2255 motion on February 6, 2007, his motion is timely.

---

[2]  The Court notes that, even if the safety valve provision had applied, defendant's sentence of 120 months falls within the advisory guideline range after application of the safety valve.

**A.**

The government invokes the waiver of appellate and post-conviction rights in the plea agreement, but does not seek to preclude defendant from pursuing all of his claims for post-conviction relief. Specifically, the government asserts that defendant's claim for ineffective assistance of counsel is waived to the extent defendant raises issues beyond the validity of his guilty plea or his waiver of appellate and post-conviction rights. Defendant claims that any waiver of appellate and post-conviction rights signed before his sentence was determined is void as a matter of law.

As noted in Section I, defendant's plea agreement contained the following appellate and post-conviction waiver:

> The Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.

Dkt. # 21, at 3. Defendant does not dispute that the plea agreement contained an appellate and post-conviction waiver and, in fact, one of his claims directly concerns the enforceability of the waiver.[3] However, he cites United States v. Raynor, 989 F. Supp. 43 (D.D.C. 1997), for the proposition that a waiver of appellate rights obtained before sentencing is per se invalid. Id. at 45-46. In United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004), the Tenth Circuit expressly rejected Raynor and adopted a three-part test to determine the enforceability of an appellate waiver in a particular

---

[3] In his reply, defendant misstates the scope of the waiver. He incorrectly states that "the Plea Agreement expressly provided that Calderon waived his 'right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. 2255, except for claim based on ineffective assistance of counsel.'" Dkt. # 48, at 3. This statement is partially correct, but it omits the language clarifying that ineffective assistance of counsel claims are permitted only to attack the validity of the guilty plea or the waiver itself.

case. Id. at 1326. Under Hahn, a defendant's waiver of appellate rights is binding when (1) the scope of the waiver covers the disputed appeal or collateral attack; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. Id. at 1325.

1.  Scope of Waiver

When determining the scope of an appellate waiver, the Court should limit its review to the operative language of the agreement. United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005); United States v. Anderson, 374 F.3d 995, 957 (10th Cir. 2004). When construing the terms of a plea agreement, general principles of contract law apply, but any ambiguities should be construed against the United States. United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003). Courts should construe appellate waivers narrowly and in favor of a defendant's right to appeal. Hahn, 359 F.3d at 1325. In this case, the language of the waiver is broad and unambiguous, but the waiver clearly excludes a narrow category of claims from its scope. One of defendant's claims, his direct attack on the validity of the appellate and post-conviction waiver itself, falls within an exclusion carved out by the waiver, and he can pursue this claim in post-conviction proceedings. The Court also finds that defendant's claim for ineffective assistance of counsel, in part, relates to the performance of his attorney at the change of plea hearing. Strictly construing the agreement in favor of defendant, he should be permitted to pursue this claim. However, to the extent that defendant's claim for ineffective assistance of counsel addresses his counsel's alleged failure to file motions[4] or his counsel's performance at the sentencing hearing, those claims are within the scope of the waiver.

---

[4]  In his petition to enter a plea of guilty, defendant acknowledged that he was " waiv[ing], that is, giv[ing] up all pretrial motions, and [he] can not assert any such motion before the Court or on appeal after pleading guilty." Dkt. # 20, at 2.

9

As to defendant's argument that Brunton was ineffective for failing to conduct an adequate investigation, the Court will consider this claim to the extent that Brunton's actions may have affected the validity of the guilty plea. Defendant's claim that police violated his rights under the Vienna Convention does not relate to the validity of the guilty plea or the appellate waiver, and this claim is also barred if the waiver is enforceable.[5]

2.  Knowing and Voluntary

When deciding whether a waiver is knowing and voluntary, a court looks to two factors: (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily; and (2) the adequacy of the Fed. R. Crim. P. 11 colloquy. Hahn, 359 F.3d at 1325. A defendant bears the burden of showing that he did not knowingly and voluntarily agree to the waiver. United States v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007). During the change of plea hearing, the district court must discuss the terms of the appellate waiver with the defendant, or the waiver may be invalid. United States v. Edgar, 248 F.3d 867, 870-71 (10th Cir. 2003). In this case, the plea agreement and the petition to enter a plea of guilty both state that defendant's plea of guilty was entered knowingly and voluntarily. Dkt. # 20, at 3; Dkt. # 21, at 1. The Court conducted a thorough Fed. R. Crim. P. 11 colloquy before accepting defendant's guilty

---

[5]   Defendant's argument concerning the applicability of the Vienna Convention is meritless, as this specific issue has been decided by the Supreme Court. The Supreme Court has held that suppression of evidence is not an appropriate remedy for alleged violations of the Vienna Convention, because the "violation of the right to consular notification . . . is at best remotely connected to the gathering of evidence." Sanchez-Llamas v. Oregon, 126 S. Ct. 2669 (2006). Therefore, the Court has no authority to suppress evidence or statements obtained from defendant following his arrest, and the Vienna Convention provides no basis to grant defendant any relief.

plea. Defendant stated that his decision to plead guilty was voluntary, and that he was not pleading guilty based on any promises or assurances other than those stated in the plea agreement. Dkt. # 45, at 4-6. The Court also reviewed in detail the appellate and post-conviction waiver in the plea agreement, and defendant stated that he understood the terms of the waiver. Dkt. # 45, at 10-11. Therefore, the Court finds that defendant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence under the terms stated in the waiver.

3.      Miscarriage of Justice

Under Hahn, the Court must determine whether enforcement of the appellate or post-conviction waiver will result in a miscarriage of justice. Hahn, 359 F.3d at 1327. Exceptions to the general rule requiring enforcement of appellate waivers are (1) where the district court relied on an impermissible factor such as race; (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) where the sentence exceeds the statutory maximum; or (4) where the waiver is otherwise unlawful. Id. Defendant bears the burden to show that a miscarriage of justice will occur if the waiver is enforced. Sandoval, 477 F.3d at 1208; United Anderson, 374 F.3d at 959.

Defendant does not directly address any of the exceptions to enforcement of an appellate or post-conviction waiver stated in Hahn, but he argues that any appellate waiver given before imposition of the sentence is invalid. Broadly construing defendant's arguments, the Court finds that defendant's claim addresses the second and fourth factors stated in Hahn.[6] Defendant states that he asked his attorney if he could appeal the sentence if he agreed to the plea agreement, but he

---

[6] Defendant has not made any allegations that the Court relied on an impermissible factor during sentencing or that the sentence exceeded the statutory maximum, and the Court will not address these factors.

11

claims this advice was misleading. While it is clear that a "claim of ineffective assistance of counsel in connection with the negotiation of [plea] agreement cannot be barred by the agreement itself," defendant's claims do not fall under this narrow exception. United States v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)). Defendant argues that his attorney's advice was constitutionally deficient merely because his attorney advised him to accept a plea agreement containing an appellate waiver. This is distinguishable from allegations that specific conduct of defense counsel during negotiations of the appellate waiver prejudiced defendant, and this exception is inapplicable. Cockerham, 273 F.3d at 1184. Finally, there is no basis for the Court to conclude that the appellate and post-conviction waiver in this case is unlawful. An appellate waiver is invalid on the ground of unlawfulness if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Sandoval, 477 F.3d at 1208 (quoting Hahn, 359 F.3d at 1327)). Contrary to defendant's assertion, the waiver is not unlawful simply because enforcement of the waiver limits his right to appeal certain issues. Hahn, 359 F.3d at 1327. Defendant has not shown that the waiver seriously affected the fairness, integrity or public reputation of the judicial proceedings, nor has he shown that the waiver will result in a miscarriage of justice. Therefore, there is no basis to conclude that the waiver in this case was unlawful, and defendant's claims falling within the scope of the waiver are barred.

**B.**

Defendant claims that his court-appointed attorney was constitutionally deficient, and his conviction under § 841(a) should be vacated. He alleges that his attorney's performance was deficient because Brunton failed to obtain a reduction in the sentence based on defendant's cooperation with authorities. Defendant also argues that Brunton failed to conduct an adequate

investigation before advising defendant to enter a guilty plea. As the Court has discussed above, most of defendant's claims of ineffective assistance of counsel are precluded by the waiver in the plea agreement. However, the Court will consider these arguments to the extent they implicate the validity of defendant's guilty plea.[7]

The Sixth Amendment of the United States Constitution guarantees every person accused of a crime the right to have the assistance of counsel at any critical stage of a criminal proceeding. United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2561 (2006); Mickens v. Taylor, 535 U.S. 162, 166-67 (2002). In Strickland v. Washington, 466 U.S. 688 (1984), the Supreme Court established a two part test to determine if a criminal defendant has received ineffective assistance of counsel. See Rompilla v. Beard, 545 U.S. 374, 380 (2005); Wiggins v. Smith, 539 U.S. 510, 521 (2003). First, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, "counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. The right to the effective assistance of counsel ensures fairness in the criminal process, but this right is not implicated "[a]bsent some effect of [the] challenged conduct on the reliability of the [judicial]

---

[7] In his reply, defendant argues that he agreed to change his plea to guilty, in part, based on Brunton's assertion that defendant would be eligible for a two level reduction of his offense level because he played only a minor role in the offense. Dkt. # 48, at 3. Arguments raised for the first time in a reply to a § 2255 motion are waived. Wright v. United States, 139 F.3d 551, 553 (7th Cir. 1998); United States v. Walters, 2002 WL 31929249, *11 (D. Kan. 2002) (unpublished disposition). Even if the Court were to consider the merits of this argument, defendant has not offered any facts showing that he would have been eligible for a two point reduction, and defendant can not satisfy the prejudice prong of Strickland. United States v. Montoan-Herrera, 351 F.3d 462 (10th Cir. 2003) (to prove ineffective assistance of counsel for defense counsel's alleged failure to argue for a mitigating role in the offense, defendant must show that the district court judge would have granted defendant's motion for a reduction of the offense level).

process." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting United States v. Cronic, 466 U.S. 648, 658 (1984)). Courts should avoid reviewing attorney performance under the "distorting effects of hindsight" and must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Defendant has alleged that his attorney was deficient for failing to raise appropriate objections to obtain a reduction in defendant's sentence based on the assistance defendant provided to prosecutors. According to defendant, he agreed to accept a plea agreement based on Brunton's advice that his sentence would be reduced to "one-half to three quarters of his ultimate sentence." Dkt. # 37, at 14. Defendant claims that Brunton "literally coerced him to assist federal authorities by providing substantial information" but Brunton failed to inform the Court of defendant's assistance. Id. He also argues that Brunton failed to file pretrial motions, such as a motion to dismiss or a motion for defective indictment based on an error in the drug quantity.[8]

The record shows that Brunton actively sought to obtain a reduction in defendant's sentence based on his cooperation with authorities but, due to facts outside of Brunton's knowledge, such relief was not available. At the time the parties entered into plea negotiations, neither the government nor defense counsel was aware that defendant had two criminal history points. Defense counsel knew that defendant had been convicted for driving under the influence, but he was not aware of the Kay County conviction. The transcript of the change of plea hearing clearly shows that

---

[8] Defendant claims that Brunton promised to file a motion to reduce defendant's sentence pursuant to Fed. R. Crim. P. 35(b). However, a Rule 35(b) motion must be filed by the government, and the filing of any such motion is discretionary on the part of the prosecutor. United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992). Brunton's alleged failure to file a Rule 35(b) motion can not constitute ineffective assistance of counsel, because he had no legal authority to file that motion.

counsel for both parties discussed a possible reduction of defendant's sentence, but the parties believed that defendant had one criminal history point only. At the sentencing hearing, Brunton stated that he explained to defendant the legal reasons why defendant's assistance with authorities did not entitle him to relief under the sentencing guidelines:

> BRUNTON: Judge, I feel really frustrated with this man's situation by virtue of the fact that we have nothing we can file. I mean, we are where we are, and if I thought I had something that would light up the flag pole, I'd run it up, but I don't see it.
>
> COURT: Yeah. I mean, the Kay County conviction just ties our hands.
>
> BRUNTON: I've explained it to Mauricio and made it clear to him that the Court is pretty much stuck with what you -- what he's looking at here.

Dkt. # 46, at 7. Defense counsel zealously advocated for a reduction in defendant's sentence but, after discussing the facts with the Court, found there was no way to use defendant's cooperation with authorities to reduce his sentence.[9]

The Court does not find that defendant was ineffective for failing to obtain a reduction of defendant's sentence and, more importantly, defendant has not alleged any error affecting the validity of his guilty plea. Defendant was not eligible for the safety valve provision under § 5C1.2 of the sentencing guidelines, because he had two criminal history points. In addition, counsel for the government and defendant agreed that defendant did not provide enough assistance to qualify for relief under § 5K1. Brunton stated that he explained to defendant the legal reasons why he could not receive a sentence below the statutory minimum, and defendant did not object to this statement

---

[9] Defendant states that Brunton never advised him that the Kay County conviction would impact defendant's eligibility for the "safety valve." Dkt. # 48, at 3. However, defendant has not produced any evidence that he told Brunton about the Kay County conviction before the presentence report was prepared.

15

at the sentencing hearing. At the change of plea hearing, the Court advised defendant that his sentence could be greater than any estimate his attorney may have provided:

> COURT: Do you understand that I will not be able to determine the sentence for your case until after the presentence report has been completed and you and the government have an opportunity to challenge the reported facts and the application of the guidelines recommended by the probation officer, and that the sentence imposed may be different from any estimate your attorney may have given you?
>
> DEFENDANT: Yes, ma'am.

Dkt. # 45, at 8. Defendant was on notice that his sentence had not been determined, but that the mandatory minimum sentence for his conviction was 10 years. Defendant can not argue that his guilty plea is invalid solely on the basis that he entered the plea with the expectation of receiving a lower sentence. United States v. Maldonado, 410 F.3d 1231, 1233 (10th Cir. 2005).

The Court clearly advised defendant that it was not bound by the stipulations in the plea agreement at the time it accepted the guilty plea. Dkt. # 45, at 8. Further, the plea agreement plainly states, in capital letters, that:

> THE DEFENDANT FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENCING JUDGE, AND THAT THE SENTENCING JUDGE IS NOT BOUND BY THE FOLLOWING STIPULATIONS. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE.

Dkt. # 21, at 14. Based on facts unknown to Brunton at the time of defendant's guilty plea, defendant did not qualify for relief under the safety valve provision. Defense counsel can not be found ineffective for failing to pursue relief under the safety valve provision when that argument that had no chance of success. See United States v. Holland, 117 F.3d 589, 596 (D.C. Cir. 1997) (counsel had no duty to raise safety valve provision when it would not have applied under the facts of the case). In fact, it could have been ineffective assistance of counsel if Brunton did not advise

defendant to cooperate with authorities. United States v. Romo, 454 F. Supp. 2d 887, 895 (D. Neb. 2006) (criminal defendant challenging his attorney's advice on cooperation must overcome the strong presumption that the attorney's conduct was reasonable). In this case, it was not the attorney's conduct that cost defendant a chance at relief under the safety valve provision, but it was defendant's own criminal history.

Finally, defendant has argued that Brunton failed to conduct an adequate investigation before advising defendant to enter a plea of guilty. Specifically, defendant claims that Brunton did not find out if the government used any of the information provided by defendant and Brunton failed to obtain a reduction in the sentence based on defendant's alleged cooperation with the government. He also alleges that Brunton neglected to investigate potential pretrial motions, and he also failed to conduct legal research on the applicability of United States v. Booker, 543 U.S. 220 (2005), and the Vienna Convention.[10] Other than defendant's unsupported allegations, there is no evidence that Brunton failed to investigate this case before encouraging defendant to change his plea to guilty. In fact, Brunton's arguments at the sentencing hearing revealed a thorough knowledge of the case and the sentencing guidelines applicable to defendant's claims. Even assuming that Brunton was ineffective, defendant can not show that he was prejudiced, because defendant would not have been entitled to a reduction of his sentence. Therefore, defendant has not presented a legitimate basis to

---

[10] These claims have already been considered and rejected by the Court. Booker goes to the validity of defendant's sentence, not his guilty plea, and this claim is waived. Defendant's Vienna Convention argument is meritless. To the extent that Brunton may have failed to investigate any other potential pretrial motions, defendant waived his right to file any such motions in his petition to enter a plea of guilty, and this does not provide a basis for relief.

challenge the validity of his guilty plea, and there is no basis for the Court to find that defense counsel's performance was deficient under Strickland.[11]

### C.

Defendant claims that his attorney was ineffective for encouraging defendant to sign a plea agreement including an appellate and post-conviction waiver. Defendant states that he asked his attorney on numerous occasions if he would be able to appeal his sentence, and he alleges his attorney misled him by suggesting he could file an appeal if the sentence exceeded defendant's expectations. After reviewing defendant's argument, the Court finds that defense counsel was not ineffective for advising defendant to enter a plea agreement containing an appellate waiver. The Court has already determined that the waiver is enforceable, and there is nothing inherently unlawful about the inclusion of an appellate waiver in a plea agreement. Hahn, 359 U.S. at 1325. Under Strickland, it would make little sense to find that an attorney's performance was deficient for advising a defendant to agree to a lawful appellate and post-conviction waiver. The waiver was part of the consideration used to obtain concessions from the government, and he clearly benefitted from agreeing to the waiver. Defendant may have subjectively misunderstood the scope of the waiver, but that does not mean his attorney's performance fell below an objective standard of reasonableness. There was nothing unusual about the waiver agreed to in this case and, even if counsel's conduct were deficient, defendant can not prove that he was prejudiced by agreeing to a

---

[11] Defendant requests an evidentiary hearing on the claims raised in his § 2255 motion. However, no hearing is required when the court finds that the record conclusively shows that the defendant is not entitled to relief. United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). The Court finds that, accepting defendant's allegations as true, he is not entitled to relief, and an evidentiary hearing is not necessary.

valid appellate waiver. See United States v. Simmons, 450 F. Supp. 2d 574, 580-81 (E.D. Pa. 2006) (denying ineffective assistance of counsel claim based on inclusion of appellate waiver in plea agreement because defendant could not prove prejudice under Strickland).

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 37) is **denied**. A separate judgement is entered herewith.

**DATED** this 29th day of May, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT